IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**TOMMIEL CLAIBORNE**                                              **PETITIONER**

**V.**                                                              **CIVIL ACTION NO. 5:17CV103 KS-LRA**

**WARDEN F. SHAW**                                            **RESPONDENT**

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Tommiel Claiborne filed a petition for writ of habeas corpus relief on August 8, 2017. After reviewing the record and all the applicable law, the undersigned recommends that the petition be dismissed pursuant to 28 U.S.C. § 2244(d) under the Antiterrorism and Effective Death Penalty Act of 1996 as untimely.

Petitioner Claiborne is currently in the custody of the Mississippi Department of Corrections following his murder conviction in the Circuit Court of Claiborne County, Mississippi on May 6, 2014. He was sentenced to life imprisonment that same date. The Mississippi Supreme Court affirmed the conviction and sentence on August 20, 2015, and denied the petition for rehearing on November 5, 2015. *Claiborne v. State*, 176 So.3d 769 (Miss. 2015). On April 8, 2016, Claiborne filed applications for post-conviction relief, signed April 5, 2016, in both the Claiborne County Circuit Court and the Mississippi Supreme Court. The Mississippi Supreme Court's application was denied on April 20, 2016, and the Claiborne County application was dismissed for lack of jurisdiction on May 2, 2016.[1]

---

[1] ECF Nos. 10-1—10-8.

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on state prisoners filing a federal habeas petition.  Under 28 U.S.C. § 2244(d)(1), AEDPA provides that the statute of limitations shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (d)(1)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).  Thus, unless the narrow exceptions of § 2244(d)(1)(B)-(D) apply, a federal habeas petition must be filed within one year of the final judgment of the defendant's conviction, subject to tolling for the period when a properly filed motion for post-conviction relief is pending in state court.  *See Madden v. Thaler,* 521 F. App'x 316 (5th Cir. 2013).  AEDPA's statute of limitations period may also be equitably tolled if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland v.*

*Florida*, 560 U.S. 631, 649 (2010) (internal quotations and citations omitted); *see also Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (equitable tolling may apply to extend the one-year statute of limitations period, but only in rare and exceptional circumstances).

Claiborne's conviction became final on February 3, 2016, 90 days after the Mississippi Supreme Court denied his petition for rehearing. Because the time period during which he could have sought further review is added to the date his direct appeal ended, he is credited with the 90-day time period permitted for seeking a writ of certiorari in the United States Supreme Court. *See* Rule 13(1) of the United States Supreme Court Rules; *see also Roberts v. Cockrell,* 319 F.3d 690, 694 (5th Cir. 2003). As noted *supra*, he filed applications for post-conviction relief in both the Mississippi Supreme Court and the Claiborne County Circuit Court prior to this date. However, because the Claiborne County application was dismissed for lack of jurisdiction, it was not a "properly filed" application as contemplated by 28 U.S.C. § 2244(d)(2). [2] Accordingly, he is only credited with the 15-day time period during which his Mississippi Supreme Court's application was pending, extending AEDPA's deadline from February 3, 2017, to February 20, 2017. Absent statutory or equitable tolling, his federal habeas petition stamped as "filed" in this Court on August 8, 2017, is untimely.

---

[2] Mississippi Code Annotated section § 99–39–7 (Supp. 2014) mandates: "Where the conviction and sentence have been affirmed on appeal or the appeal has been dismissed, the motion under this article shall not be filed in the trial court until the motion shall have first been presented to a quorum of the Justices of the Supreme Court of Mississippi, ... and an order granted allowing the filing of such motion in the trial court."

Claiborne admits that his petition was filed "a few months later than the limitation set in the AEDPA's time limitation." But he maintains that he is actually innocent of the underlying conviction. He claims that an eyewitness "recanted" her testimony by testifying to a different version of events at trial than initially given in her police statement. He also asserts that his attorney was ineffective in failing to secure exculpatory testimony from crime lab experts which would revealed there was no gun residue on his hands.[3]

To overcome the expiration of the AEDPA statute of limitations by showing actual innocence, the petitioner is required to produce new evidence sufficient to persuade the district court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1927 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). Actual innocence itself is not a free-standing ground for habeas corpus relief. *Reed v. Stephens*, 739 F.3d 753, 766 (5th Cir. 2014); *Foster v. Quarterman*, 466 F.3d 359, 367 (5th Cir. 2006) ([A]ctual-innocence is not an independently cognizable federal-habeas claim."). Actual innocence claims provide only "a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Herrera v. Collins*, 506 U.S. 390, 404 (1993). To open the gateway to federal habeas review, a petitioner must: (1) present "new reliable evidence─whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence"; (2) "that was not

---

[3] ECF No. 11.

presented at trial"; and (3) must show, that in light of this new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 537 (2006), *citing Schlup,* 513 U.S. at 299 (1995).

Claiborne has not met this high burden here. Apart from the allegations in his traverses, he has not presented any new, reliable evidence to demonstrate more likely than not that a reasonable juror would not have convicted him had his actual innocence claims been presented at trial. Claiborne was convicted on the testimony of three eyewitnesses of murdering his wife. Yet, he has made numerous requests for an evidentiary hearing, citing counsel's ineffectiveness for failing to enter evidence of a gun residue test. The theory being, that he could not have shot his wife because there was no gun-residue on his hands.

As Respondent notes, 28 U.S.C. § 2254 (e)(2) "controls whether a habeas petitioner may receive an evidentiary hearing in federal district court on the claims for which the applicant failed to develop the factual basis in state courts." *Austin v. Davis*, 876 F.3d 757, 798 (5th Cir. 2017). However, this Court need not resolve whether Section 2254 (e)(2) is applicable. *Id.*[4] The United States Supreme Court has made it clear that the decision to grant an evidentiary hearing "is left to the district court's sound discretion." *Schriro v. Landrigan*, 550 U.S. 465 (2007). A district court need not grant an evidentiary

---

[4] On direct appeal, the Mississippi Supreme Court noted that "defense counsel explicitly stated to the bench at the end of trial that the defense had elected not to present any gunshot-residue evidence 'as a matter of trial strategy.'" *Claiborne v. State*, 176 So.3d 769, 773 (Miss., 2015). In its subsequent order dismissing Petitioner's application for post-conviction relief, the court concluded that this claim fails to meet the requisite prongs of deficient performance and prejudice provided in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. 2d. 674 (1984)." ECF No. 10-5.

hearing on a claim of ineffective assistance of counsel "when a petitioner fails to allege facts which, if proved, would entitle the petitioner to relief, or when the state court record supports that court's disposition of the claim." *Amos v. Scott*, 61 F.3d 333, 348 (5th Cir. 1995). Given the evidence presented at trial, the undersigned finds no factual dispute, which if proven true, would entitle Petitioner to federal habeas relief on any of his claims. *Murphy v. Davis*, No. 17-70007, 2018 WL 1906000, at *10 (5th Cir., Apr. 20, 2018) (citation omitted). Petitioner's request for an evidentiary hearing should be denied.

In sum, Claiborne has failed to show that he exercised reasonable diligence in pursuit of his federal habeas claims, or that some extraordinary circumstance prevented him from filing before the expiration of the one-year statute of limitations. *See Holland*, 560 U.S. at 648. None of Petitioner's remaining arguments warrant equitable or statutory tolling of the statute of limitations. In the absence of any evidence warranting statutory or equitable tolling, his habeas petition is barred by 28 U.S.C. § 2244(d)(1)(A), and should be dismissed.

**NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636, Fed. R. Civ. P. 72(b); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED on May 31, 2018.

s/ Linda R. Anderson<br>UNITED STATES MAGISTRATE JUDGE